UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMY AVILES and RACHEL CATALA, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MEDICREDIT, INC., a Missouri )<br>corporations; and HCA HEALTH )<br>SERVICES OF FLORIDA, INC. d/b/a )<br>Osceola Regional Medical Center )<br>)<br>Defendants. ) | No. 4:16CV01138 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion requesting leave to file a consolidated complaint that substitutes Marilynn Martinez as Plaintiff in place of Jeremy Aviles and Rachel Catala [ECF No. 68] and Defendant Medicredit Inc.'s Motion to Dismiss for Lack of Jurisdiciton as to Plaintiffs Jeremy Aviles and Rachel Catala [ECF No. 71].

**I.    BACKGROUND**

Plaintiff Jason Martin ("Martin") initiated this lawsuit by filing a class action complaint in this Court on July 13, 2016, against Defendants Medicredit, Inc., HCA Health Services of New Hampshire, Inc. doing business as Portsmouth Regional Hospital ("HCA"), and Wentworth-Douglass Hospital ("Defendants"). Plaintiff Martin's action for damage arises under 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). Plaintiff Martin also brought this action on behalf of several classes of other similarly situated individuals, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant Medicredit, Inc. ("Medicredit").

1

On May 3, 2017, an Amended Complaint was filed which named Jeremy Aviles and Rachel Catala as Plaintiffs in this matter. Martin, the original Plaintiff was dismissed from the matter. On May 5, 2017, the Court entered an order consolidating this action with the action styled *Hornberger et al. v. Medicredit, Inc.,* No. 4:17-cv-00409-SNLJ. On May 24, 2017, Plaintiffs moved to substitute Marilynn Martinez as plaintiff in place of Jeremy Aviles and Rachel Catala in the consolidated complaint, with Plaintiffs Todd Hornberger and Eric Johnson remaining as Plaintiffs in the consolidated action. Defendant Medicredit, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), submitted a motion to dismiss the action for lack of subject matter jurisdiction in combination with its opposition to the Motion to Substitute.

Medicredit argues Aviles and Catala do not have standing to bring the action, and therefore, they do not have standing to file a Motion to Substitute another plaintiff in their stead. Medicredit also claims any attempt to substitute Martinez as a representative plaintiff would be futile. They argue Martinez cannot satisfy the FRCP 23(a) typically requirement, because she is subject to unique defenses arising out of her relationship with the former Plaintiff Aviles.

In a motion to dismiss, the Court accepts the allegations in the complaint as true. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). The following are the facts alleged by Plaintiffs. Medicredit has equipment with the capacity to dial numbers without human intervention to be used to make non-emergency telephone calls to the cellular telephone of Plaintiffs and other members of the class. Medicredit utilizes an artificial and/or prerecorded voice, and Medicredit used this equipment to call Plaintiffs without regard as to whether they had obtained express permission from the called party to make such calls or after consent was revoked. In 2015 and 2016, Martinez received numerous telephone calls on her cellphone ending in "5105" from Medicredit regarding a debt allegedly owed to

HCA by her adult son. Several calls used an artificial or prerecorded voice. At no time leading up to these calls did Martinez provide either Defendant with her cellphone number to be called regarding her son's alleged debt or otherwise give either Defendant consent to call her regarding her son's alleged debt. Martinez believes her son gave HCA her name and cell phone as the person to notify regarding the outcome of his medical treatment or any emergencies, not as a person to notify regarding an alleged debt.

Plaintiffs also bring this action on behalf of several classes of other similarly situated individuals, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendants in negligently, knowingly, or willfully contacting them on their cellular telephones in violation of the TCPA. The proposed No Consent Class and sub-classes are defined by Plaintiffs as follows:

> No Consent Class
> All persons within the United States to whose cellular telephone number Medicredit placed a debt collection related telephone call between July 14, 2015 and the date of certification through the use of any automatic telephone dialing system or artificial or prerecorded voice where such person did not provide that number in connection with the alleged debt.
>
>> Person to Notify Subclass
>> All persons within the United States to whose cellular telephone number Medicredit placed a debt collection related telephone call between July 14, 2015 and the date of certification through the use of any automatic telephone dialing system or artificial or prerecorded voice where such number was listed as a "person to notify" or "emergency contact."

Additionally, the proposed Wrong Number/Cease Contact class is defined as follows:

> Wrong Number/Cease Contact Class
> All persons within the United States to whose cellular telephone number Medicredit placed a debt collection related telephone call between July 14, 2015 and the date of certification through the use of any automatic telephone dialing system or artificial or prerecorded voice where such person informed Medicredit that it had the wrong number or requested that Medicredit cease contact.

Plaintiffs believe common questions of fact and law exist as to all members of the classes which predominate over any questions affecting only individual members of the classes. These questions include: whether, within the class period, Medicredit made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service; whether Plaintiffs and the class members were damaged, and the extent of damage for such violation; whether HCA is vicariously liable for the calls placed on its behalf; and whether Medicredit should be enjoined from engaging in such conduct in the future.

As persons who allegedly received calls from Medicredit using an automatic telephone dialing system or any artificial or prerecorded voice, without their prior express consent, Plaintiffs argue they are asserting claims that are typical of the classes. Plaintiffs allege Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA by causing an automatic telephone dialing system and/or artificial or prerecorded voice to be used to make non-emergency telephone calls to Plaintiffs and the other members of the class without their prior express consent. Therefore, pursuant to Section 227(b)(3)(B) of the TCPA, Plaintiffs allege themselves and each class member is entitled to a minimum of $500.00 in damages for each violation and if willfulness is proven up to $1,500 for each violation.

## II.   STANDARD

*A. Motion to Substitute*

The Court is not required to grant leave to amend the complaint, but FRCP 15(a)(2) states "the Court should freely give leave when justice so requires." "Liberal substitution of representatives [is] commonly allowed in class actions." *Van Horn v. Trickey*, 840 F.2d 604, 608

(8th Cir. 1988). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Mo. Crop., LLC v. CGB Diversified Servs.*, No. 2:15CV00024 ERW, 2017 U.S. Dist. LEXIS 2384, at *8 (E.D. Mo. Jan. 6, 2017), quoting *Becker v. Univ. of Neb. at Omaha*, 19 F.3d 904, 907-08 (8th Cir. 1999).

A party may move to dismiss a claim for lack of subject matter jurisdiction. FRCP 12(b)(1); *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011). "Motions to dismiss for lack of subject-matter jurisdiction can be decided three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, as with a summary judgment motion; and on disputed facts." *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

The existence of subject matter jurisdiction is a question of law appropriate for the Court. *ABF Freight Syst., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). A district court has broad power in deciding whether it has the right to hear a case. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial[.]" *Id.*

**III. DISCUSSION**

    A.    *Motion for Leave to Substitute Parties in Consolidated Complaint*

Plaintiffs request the Court substitute Martinez as Plaintiff in place of Aviles and Catala.

5

Plaintiffs' counsel asserts the factual allegations are virtually identical to the Amended Complaint filed by Aviles and Catala. They also contend they seek certification of a virtually identical class to the one proposed in the Amended Complaint.

Defendants argue the Motion to Substitute should be denied for two reasons. First, they state it is moot because Aviles and Catala lack standing.  Second, they argue any attempt to introduce Martinez as a putative plaintiff in a class action complaint is futile, because Martinez, at minimum, cannot satisfy the FRCP 23(a)(3) typicality requirement. Medicredit states Plaintiffs Aviles and Catala admit they had no cause of action under the TCPA, 47 U.S.C. § 227, because they were not autodialed without their consent and therefore, had not suffered an injury [ECF No. 71, ¶ 2]. Therefore, according to Medicredit, Aviles and Catala's claims must be dismissed for lack of standing. As a result, Defendants assert they also do not have standing to file a Motion to Substitute another plaintiff in their stead.

Plaintiffs argue it is disputed whether Medicredit had prior express consent to make the calls [ECF No. 77, p. 7]. "Prior express consent is deemed to be granted only if the wireless number was provided by the consumer . . . during the transaction that resulted in the debt owed." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 523 (8th Cir. 2017). Prior express consent may be revoked "using any reasonable method including orally or in writing." *Wright v. Target Corp.*, No. 14-cv-3031 (SRN/HB), 2015 U.S. Dist. LEXIS 167000, at *13 (D. Minn. Dec. 14, 2015). Aviles alleges on several occasions he asked Medicredit to stop placing calls to his cellular telephone number, yet the calls did not stop [ECF No. 62, ¶ 24]. The Court is required to accept these allegations as true. "In assessing whether the plaintiff has alleged a sufficiently particularized and concrete injury, the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiffs favor." *Young Am. Corp. v. Affiliated Computer*

6

*Servs.*, 424 F.3d 840, 843 (8th Cir. 2005). Lack of consent is not required to establish standing of a TCPA claim, but even if it were, Plaintiffs have sufficiently alleged facts they did not consent to the calls. Plaintiffs have standing this matter and therefore, they can file a Motion to Substitute.

Finally, Defendants argue any attempt to name Martinez as a representative plaintiff will be futile. They state, "At the very least, Martinez cannot satisfy the FRCP 23(a) typicality requirement because she is subject to unique defenses arising out of her relationship with Aviles" [ECF No. 72, p. 10]. They argue this for two reasons. First, they claim Aviles misappropriated the telephone number of Martinez, who is his mother. Second, Martinez allegedly signed the Conditions of Admission, which expressly states she consented to being autodialed about any hospital debts. They argue this information raises serious doubts regarding whether Martinez could be a member of any of the following classes: No Consent Class, Person to Notify Subclass, and Wrong Number/Cease Contact. They claim, as a result, Martinez does not satisfy the typicality requirement, and any amendment to name her as a representative will be futile and should be denied. Typicality is an issue to be determined on a motion for class certification, not a motion to dismiss. *See* FRCP 23(c). Therefore, the Court rejects Defendants' argument on this ground.

The Court believes Plaintiffs have good cause for seeking substitution. This is the second time Plaintiffs are seeking to substitute, but since discovery is still in the early stages, the Court does not find this will result in prejudice towards Defendants. Therefore, the Court will allow the substitution.

    B.    *Motion to Dismiss*

Medicredit moves to dismiss this action for lack of subject matter jurisdiction. In support

of this Motion, Medicredit argues Aviles and Catala were called about debts they personally owed and consented to being called about them, and therefore, their claims must be dismissed for lack of standing. Because the Court will grant Plaintiffs' Motion to Substitute, a new amended complaint will be filed. Medicredit's Motion to Dismiss will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Substitute Martinez in as Plaintiff and to remove Aviles and Catala as Plaintiffs [ECF No. 68] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Medicredit Inc.'s Motion to Dismiss Plaintiffs Jeremy Plaintiffs Jeremy Aviles and Rachel Catala's Amended Complaint for Lack of Subject Matter Jurisdiction [ECF No. 71] is **DENIED**, as moot.

Dated this 24th Day of July, 2017.

*E. Richard Webber*

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE